**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4474

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SKIP J. WATSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:19-cr-00328-BHH-1)

Submitted:  June 29, 2021                                  Decided:  July 1, 2021

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Barlow Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Skip Watson pled guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and was sentenced to 41 months' imprisonment and ordered to pay $33,860.35 in restitution. On appeal, Watson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court failed to adequately explain the basis for the sentence imposed. Although notified of his right to do so, Watson has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

We review Watson's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court adequately explained the chosen sentence. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We have reviewed the record, including the transcript of Watson's sentencing hearing, and we discern no procedural error in the sentence. The district court properly calculated the advisory Guidelines range, applied the appropriate § 3553(a) factors, and

2

explained the reasoning behind the chosen sentence. Therefore, we find Watson's sentence procedurally reasonable. And Watson has not overcome the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Watson, in writing, of the right to petition the Supreme Court of the United States for further review. If Watson requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Watson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*